UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN BURTON, #358780,

        Petitioner,

                                      CASE NO. 2:14-CV-11760
v.                                      HONORABLE VICTORIA A. ROBERTS

LORI GRIDLEY,

        Respondent.
_____/

**OPINION AND ORDER GRANTING PETITIONER'S MOTION
TO STAY PROCEEDINGS AND HOLD PETITION IN ABEYANCE,
STAYING PROCEEDINGS, AND ADMINISTRATIVELY CLOSING CASE**

        This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner John Burton ("Petitioner") was convicted of two counts of first-degree felony murder, MICH. COMP. LAWS § 750.316(1)(b), two counts of assault with intent to commit murder, MICH. COMP. LAWS § 750.83, two counts of armed robbery, MICH. COMP. LAWS § 750.529, assault with intent to commit armed robbery, MICH. COMP. LAWS § 750.89, felon in possession of a firearm, MICH. COMP. LAWS § 750.224f, and possession of a firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b, following a jury trial in the Wayne County Circuit Court in 2010. The trial court sentenced him, as a fourth habitual offender, MICH. COMP. LAWS § 769.12, to life in prison without the possibility of parole on the murder convictions, concurrent terms of 40 to 60 years in prison on the assault with intent to murder and armed robbery convictions, a concurrent term of 20 to 40 years in prison on the assault with intent to commit armed robbery conviction, a concurrent term of 5 to 15 years in prison on the felon in possession conviction, and a consecutive term of 2 years in prison on the felony firearm conviction.

In his habeas petition, Petitioner raises claims concerning the admission of evidence and the effectiveness of trial counsel for failing to object to its admission. The matter is before the Court on Petitioner's motion to stay the proceedings and hold his habeas petition in abeyance so that he can return to state court to exhaust his remedies on additional claims concerning the conduct of the prosecutor, the use of false evidence, the effectiveness of trial counsel in failing to object to a mug shot, failing to investigate witnesses, and failing to move to suppress identifications, and the effectiveness of appellate counsel.

The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Federal law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d). The state courts must be given an opportunity to rule upon all of Petitioner's claims before he can present those claims on habeas review. Otherwise, this Court is unable to apply the standard found at 28 U.S.C. § 2254.

The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process. *O'Sullivan*, 526 U.S. at 845. To satisfy the exhaustion requirement, the claims must be "fairly presented" to the state courts, meaning that the petitioner must have asserted both the factual and legal bases for the claims in the state courts. *McMeans*, 228 F.3d at 681; *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*).

The claims must also be presented to the state courts as federal constitutional issues. *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). For a Michigan prisoner, each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court. *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

The Michigan Rules of Court provide a process by which Petitioner may raise his unexhausted claims. For example, he may file a motion for relief from judgment in the state trial court pursuant to Michigan Court Rule 6.500 *et seq.,* and then appeal the trial court's decision to the state appellate courts as necessary. Petitioner's unexhausted claims should first be addressed to, and considered by, the Michigan courts.

A federal district court has discretion to stay a habeas petition to allow a petitioner to present unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court, the unexhausted claims are not "plainly meritless," and the petitioner has not engaged in intentionally dilatory tactics. *Id*. at 277.

In this case, Petitioner shows the need for a stay. He wishes to pursue new claims of prosecutorial misconduct, false evidence, and ineffective assistance of trial and appellate counsel which have not been unexhausted in the state courts. The one-year limitations period applicable to federal habeas actions, 28 U.S.C. § 2244(d)(1), may pose a problem if the Court were to dismiss the petition to allow for further exhaustion of state remedies. Additionally, Petitioner alleges that

3

appellate counsel was ineffective and that he was out of state during some of the appellate proceedings, which may provide good cause. The unexhausted claims also concern matters of federal law which do not appear to be plainly meritless. Lastly, there is no evidence of intentional delay. The Court shall therefore hold the petition in abeyance and stay the proceedings pending Petitioner's exhaustion of state court remedies as to his additional claims.

Accordingly, the Court **GRANTS** Petitioner's motion to stay the proceedings and hold the habeas petition in abeyance and **STAYS** the proceedings. The stay is conditioned on Petitioner presenting his unexhausted claims to the state courts within 60 days of the filing date of this order by filing a motion for relief from judgment with the trial court. *Hill v. Anderson*, 300 F.3d 679, 683 (6th Cir. 2002). The stay is further conditioned on Petitioner's return to this Court with a motion to reopen and amend his petition, using the same caption and case number, within 60 days of fully exhausting state remedies. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002) (adopting approach taken in *Zarvela v. Artuz*, 254 F.3d 374, 381 (2d Cir. 2001)). Should Petitioner fail to comply with these conditions, his case may be dismissed. The Court makes no determination as to the procedural or substantive merits of Petitioner's claims. Lastly, the Court **CLOSES** this case for administrative purposes.

**IT IS SO ORDERED**.

S/Victoria A. Roberts
VICTORIA A. ROBERTS
UNITED STATES DISTRICT JUDGE

Dated: November 6, 2014