UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN BURTON, #358780,

        Petitioner,

                              CASE NO. 2:14-CV-11760
v.                              HONORABLE VICTORIA A. ROBERTS

LORI GRIDLEY,

        Respondent.
_____/

**<u>ORDER GRANTING PETITIONER'S MOTION FOR AN EXTENSION OF TIME, EXTENDING THE STAY OF PROCEEDINGS, AND DENYING WITHOUT PREJUDICE PETITIONER'S MOTIONS TO LIFT THE STAY AND AMEND THE PETITION, FOR APPOINTMENT OF COUNSEL, AND FOR IMMEDIATE RELEASE</u>**

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner John Burton ("Petitioner") was convicted of two counts of first-degree felony murder, MICH. COMP. LAWS § 750.316(1)(b), two counts of assault with intent to commit murder, MICH. COMP. LAWS § 750.83, two counts of armed robbery, MICH. COMP. LAWS § 750.529, assault with intent to commit armed robbery, MICH. COMP. LAWS § 750.89, felon in possession of a firearm, MICH. COMP. LAWS § 750.224f, and possession of a firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b, following a jury trial in the Wayne County Circuit Court in 2010. He was sentenced as a fourth habitual offender, MICH. COMP. LAWS § 769.12, to concurrent terms of life in prison without the possibility of parole on the murder convictions, concurrent terms of 40 to 60 years in prison on the assault with intent to murder and armed robbery convictions, a concurrent term of 20 to 40 years in prison on the assault with intent to commit armed robbery conviction, a concurrent term of 5 to 15 years in prison on the felon in possession conviction, and a consecutive term of 2

years in prison on the felony firearm conviction.

In his initial habeas petition, Petitioner raises claims concerning the admission of evidence and the effectiveness of trial counsel for failing to object to its admission. This case has been stayed and administratively closed to allow Petitioner to exhaust state court remedies as to additional claims concerning the conduct of the prosecutor, the use of false evidence, the effectiveness of trial counsel in failing to object to a mug shot, failing to investigate witnesses, and failing to move to suppress identifications, and the effectiveness of appellate counsel.

This matter is now before the Court on Petitioner's motions to lift the stay and amend his petition (with an amended petition), for an extension of time to pursue unexhausted issues in the state courts, for appointment of counsel, and for immediate release. Petitioner seeks to lift the stay and amend his petition because he has exhausted his additional claims in the state courts and is required to move to reopen this case within 60 days of completing state court remedies in order to comply with the Court's stay order. He also, however, seeks more time to pursue state court remedies as to additional new claims concerning the prosecutor's suppression of evidence and the effectiveness of trial counsel.

Having considered the matter, the Court finds that an extension of the stay of proceedings is warranted to allow Petitioner to fully exhaust all of his potential habeas claims in the state courts before proceeding on federal habeas review. Accordingly, the Court **GRANTS** Petitioner's motion for an extension of time to exhaust additional issues in the state courts and extends the stay of this case. The stay is conditioned on Petitioner either moving to re-open this case or presenting any additional unexhausted claim(s) to the state courts (by filing a successive motion for relief from judgment) within 60 days of the filing date of this order. *Hill v. Anderson*, 300 F.3d 679, 683 (6th

Cir. 2002). Should Petitioner pursue additional state court remedies, the stay is further conditioned on his return to this Court with a motion to re-open this case and proceed an amended petition within 60 days of completing those remedies. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002) (adopting approach taken in *Zarvela v. Artuz*, 254 F.3d 374, 381 (2d Cir. 2001)). Should Petitioner fail to comply with these conditions, his case may be subject to dismissal.

Given this determination, the Court **DENIES WITHOUT PREJUDICE** Petitioner's motions to lift the stay and amend his petition, for appointment of counsel, and for immediate release. This case remains **CLOSED** for administrative purposes pending compliance with these conditions.

**IT IS SO ORDERED**.

 S/Victoria A. Roberts
VICTORIA A. ROBERTS
UNITED STATES DISTRICT JUDGE

Dated: February 13, 2017