UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN BURTON, #358780,

        Petitioner,

                                      CASE NO. 2:14-CV-11760
v.                                 HONORABLE VICTORIA A. ROBERTS

DEWAYNE BURTON,

        Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTIONS
## FOR EVIDENTIARY HEARING AND REMAND

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner John Burton ("Petitioner") was convicted of two counts of first-degree felony murder, MICH. COMP. LAWS § 750.316(1)(b), two counts of assault with intent to commit murder, MICH. COMP. LAWS § 750.83, two counts of armed robbery, MICH. COMP. LAWS § 750.529, assault with intent to commit armed robbery, MICH. COMP. LAWS § 750.89, felon in possession of a firearm, MICH. COMP. LAWS § 750.224f, and possession of a firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b, following a jury trial in the Wayne County Circuit Court in 2010. He was sentenced as a fourth habitual offender, MICH. COMP. LAWS § 769.12, to concurrent terms of life in prison without the possibility of parole on the murder convictions, concurrent terms of 40 to 60 years in prison on the assault with intent to murder and armed robbery convictions, a concurrent term of 20 to 40 years in prison on the assault with intent to commit armed robbery conviction, a concurrent term of 5 to 15 years in prison on the felon in possession conviction, and a consecutive term of 2 years in prison on the felony firearm conviction.

In his Petition for a Writ of Habeas Corpus, as amended, Petitioner raises claims concerning

the admission of evidence and the effectiveness of trial counsel for failing to object to its admission, the conduct of the prosecutor, the use of false evidence, the effectiveness of trial counsel in failing to object to a mug shot, failing to investigate witnesses, and failing to move to suppress identifications, and the effectiveness of appellate counsel. Respondent filed an Answer and the state court record on October 26, 2017. Petitioner recently filed a Reply. This matter is now before the Court on Petitioner's Motion for Evidentiary Hearing and his Motion to Remand.

Petitioner requests an evidentiary hearing in federal court and/or a remand to the state courts for an evidentiary hearing because he did not receive one in the state courts on collateral review. Pursuant to Rule 5 of the Rules Governing Section 2254 Cases, Respondent is required to submit all transcripts and documents relevant to the determination of the habeas petition at the time the answer is filed. *See* Rule 5, 28 U.S.C. foll. § 2254. With regard to an evidentiary hearing, Rule 8 of the Rules Governing Section 2254 Cases provides in part:

> If the petition is not dismissed at a previous stage in the proceeding, the judge, after the answer and the transcript and record of state court proceedings are filed, shall, upon review of those proceedings and of the expanded record, if any, determine whether an evidentiary hearing is required.

Rule 8, 28 U.S.C. foll. § 2254. Under the federal habeas statute, facts determined by a state court are presumed correct absent clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1). An evidentiary hearing is available under that rule only when the claim relies upon a new rule of constitutional law or a new factual predicate and the facts underlying the claim would show by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty. 28 U.S.C. § 2254(e)(2).

Given the recent filings of the pleadings and the state court record, the Court has yet to review this case in detail. Upon preliminary review, however, the Court finds that neither an

evidentiary hearing under Rule 8 or 28 U.S.C. § 2254(e) nor a remand to the state courts is necessary at this time. Additionally, the Court notes that federal habeas review is generally limited to the record that was before the state courts. *See Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (ruling that habeas review under 28 U.S.C. §2254(d) is "limited to the record that was before the state court that adjudicated the claim on the merits"). Accordingly, the Court **DENIES WITHOUT PREJUDICE** Petitioner's Motion for Evidentiary Hearing and his Motion to Remand. The Court will bear in mind those requests should further development of the record be necessary for the proper resolution of this matter. Petitioner need not file another motion as to such issues.

**IT IS ORDERED.**

S/Victoria A. Roberts
VICTORIA A. ROBERTS
UNITED STATES DISTRICT JUDGE

Dated: November 13, 2017